# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| MARGARET L. KALHAMMER JOANNIDES, an individual,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>JAGUAR LAND ROVER NORTH AMERICA, LLC, a Delaware Limited Liability Company, and Does 1 through 20 inclusive,<br><br>　　　　Defendants. | **CASE NO. 2:13-cv-08755-SVW-MRW**<br><br>**Assigned for all purposes to Judge Stephen V. Wilson**<br>**Courtroom: 6**<br><br>**(Removed from Los Angeles Superior Court – Case No. BC5256026)**<br><br>**PROTECTIVE ORDER**<br><br>Action Filed:　October 24, 2013<br>Removal Date:　November 26, 2013<br>Trial Date:　April 15, 2014 |

## PROTECTIVE ORDER

In order to preserve and maintain the confidentiality of certain confidential, commercial and proprietary documents to be produced by JAGUAR LAND ROVER NORTH AMERICA, LLC ("JLRNA") in this action, it is ordered that:

1. Documents to be produced by JLRNA in this litigation which contain confidential Information shall hereafter be referred to as "Protected Documents."  Any document or any Information designated as "Subject to Protective Order" or "Confidential," or other similar language in accordance with the provisions of this Order shall only be used, shown or disclosed as provided in this Order.

2. As used in this Order, the term "documents" means all written material, videotapes and all other tangible items, produced in whatever format (e.g., hard copy, electronic, digital, etc.) and on whatever media (e.g., hard copy, videotape, computer diskette, CD-ROM, DVD, hard drive or otherwise).  As used in this Order, the term "Information" means any proprietary Information derived from the protected documents and can include portions of deposition testimony so designated by JLRNA.

3. The designation of Protected Documents may be made by marking or placing the notice "Confidential," "Subject to Protective Order" or substantially similar notice, on the document, or, where a copy of the original document is to be produced, on that copy.  The designation of a Protected Document or Protected Information shall only be made by the party producing the document.

4. Protected Documents and any copies thereof received pursuant to paragraph 6 below shall be maintained confidential by the receiving party, his/her attorney, other representatives, and expert witnesses, and shall be used only for trial preparation, trial, and appeal, of the disputes between the parties related to this specific matter, subject to the limitations set forth herein.

5. Protected Documents shall be disclosed only to "Qualified Persons."  Qualified Persons are limited to:

   a. Counsel of the record and their internal staff, and the parties;

    b.    Non-technical and clerical staff retained by Counsel of Record and involved in the preparation, trial and/o appeal of this action;

    c.    Experts and non-attorney consultants retained by the parties for the preparation, trial and/or appeal of this case, provided that no disclosure shall be made to any expert or consultant who is employed by a competitor of JLRNA; and

    d.    The Court, the Court's staff, witnesses, and the jury in this case.

6. Plaintiff/Plaintiff's Counsel must make reasonable efforts to ensure that Confidential Material is only received by individuals described in paragraphs 5(a) – 5(d) above.

7. Before receiving access to any Protected Document or the Information contained therein, each person described in paragraphs 5(b) and 5(c) above shall execute a "Written Assurance" in the form contained in Exhibit A, attached hereto. Counsel for the parties will retain the Written Assurance and will keep a list of all persons who have received Protected Documents for inspection by the Court and, upon order of the Court, counsel for JLRNA. Each such executed Written Assurance and list shall be submitted to counsel for JLRNA at the termination of this litigation.

8. To the extent that Protected Documents or Information obtained therefrom are used in the taking of depositions and/or used as exhibits at trial, such documents or Information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony and/or trial testimony dealing with the Protected Documents or Information.

9. This Protective Order is to facilitate the exchange of records and information in discovery. It does not govern sealing records as defined in Local Rule 79-5 for submission to the Court for trial or adjudication but

governs other disclosures to third persons or disclosure of records for discovery motions and discovery proceedings. In the event a party to this litigation seeks to file Confidential Material in connection with a challenge to the "Confidential" designation, a discovery motion or discovery proceedings or any other motion or proceeding before the Court, the party shall proceed in accordance with Local Rule 79-5.

10. Any court reporter or transcriber who reports or transcribes testimony in this action shall agree that all "confidential" Information designated as such under this Order shall remain "confidential" and shall not be disclosed by them, except pursuant to the terms of this Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record.

11. Counsel for each party shall be required to return the Protected Documents to JLRNA within ten (10) days after the conclusion of this case by dismissal, final judgment, settlement or otherwise.

12. Inadvertent or unintentional production of documents or Information containing Information which should have been designated as "confidential" or as Protected Document(s) shall not be deemed a waiver in whole or in part of the party's claims of confidentiality.

13. This Protective Order may not be waived, modified, abandoned or terminated, in whole or part, except by an instrument in writing signed by the parties. If any provision of this Protective Order shall be held invalid for any reason whatsoever, the remaining provisions shall not be affected thereby.

14. After termination of this litigation, the provisions of this Order shall continue to be binding. This Court retains and shall have jurisdiction over the parties, their attorneys, and recipients of the Protected Documents
///

1  for enforcement of the provisions of this Order following termination of this
2  litigation.
3      15.  This Protective Order shall be binding upon the parties hereto,
4  upon their attorneys, and upon the parties' and their attorneys' successors,
5  executors, personal representatives, administrators, heirs, legal
6  representatives, assigns, subsidiaries, divisions, employees, agents,
7  independent contractors, or other persons or organizations over which they
8  have control.
9      16.  All persons described in paragraph 5 above shall not under any
10 circumstance sell, offer for sale, advertise, or publicize either the Protected
11 Documents and the Confidential Information contained therein or the fact
12 that such persons have obtained JLRNA's Protected Documents and
13 confidential Information.  As the Protected Documents may only be
14 distributed to "Qualified Persons." Plaintiff's Counsel, and all persons
15 described in paragraph 5 above, may not post Protected Documents on
16 any website or internet accessible document repository, and shall not
17 under any circumstance sell, offer for sale, advertise, or publicize either the
18 Protected Documents and the Confidential information contained therein or
19 the fact that such persons have obtained JLRNA's Protected Documents
20 and Confidential information.
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

17. This entire agreement is subject to the provisions of Federal Rule of Civil Procedure 26(c). Any provision of this agreement is void to the extent it conflicts with Federal Rule of Civil Procedure 26(c).

IT IS SO ORDERED.

DATED: January 30, 2014

_____
Hon. Michael R. Wilner
United States Magistrate Judge

# EXHIBIT A

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| MARGARET L. KALHAMMER JOANNIDES, an individual,<br><br>  Plaintiff,<br><br>vs.<br><br>JAGUAR LAND ROVER NORTH AMERICA, LLC, a Delaware Limited Liability Company, and Does 1 through 20 inclusive,<br><br>  Defendants. | **CASE NO.  2:13-cv-08755-SVW-MRW**<br><br>**Assigned for all purposes to Judge Stephen V. Wilson Courtroom: 6**<br><br>**(Removed from Los Angeles Superior Court  – Case No. BC5256026)**<br><br>**EXHIBIT A DECLARATION OF** _____ **RE STIPULATION FOR PROTECTIVE ORDER**<br><br>Action Filed:   October 24, 2013<br>Removal Date: November 26, 2013<br>Trial Date:       None<br>Disc. Cut-Off:  None<br>Motion Cut-Off: None |

**AFFIDAVIT OF** _____ being duly sworn and personally appearing before the undersigned attesting officer, duly authorized by law to administer oaths, deposes and says that the within statements are true and correct:

1. I have read the Stipulated Protective Order attached hereto and I understand its terms and meanings.

2. I agree that my signature below submits me to the jurisdiction of the United States District Court, Central District of California, Western Division, in the matter entitled <u>Margaret L. Kalhammer Joannides v. Jaguar Land Rover North America, Inc.</u>, Case No. 2:13-cv-08755-SVW-MRW, and binds me to the provisions of the Stipulated Protective Order, including to all promises undertaken in the Order, as if originally agreed by me.

Further Affiant sayeth not.

This _____ day of _____, 20_____.

_____
AFFIANT

SUBSCRIBED AND SWORN to before me
this ___ day of _____, ____.

_____

NOTARY PUBLIC
Name:_____
No.:_____
My Commission Expires: _____

## **CERTIFICATE OF ELECTRONIC FILING**

I hereby certify that on **January ____, 2014**, a true and correct copy of the foregoing **[PROPOSED] PROTECTIVE ORDER** was filed with the Clerk using the CM/ECF system, which will provide notice to the following counsel of record:

Jack M. Zakariaie
Niloufar A. Zakariaie
ZAKARIAIE & ZAKARIAIE
10100 Santa Monica Blvd.,
Suite 300
Los Angeles, CA 90067
(310) 552-0066 - Main
(310) 552-4585 - Fax

_____
Lisa M. Sullivan